UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Traci Apel, *Admtx. of the Estate of*                              Case No. 3:24-cv-1248
*Deceased Jeffrey R. Apel, Jr.*,

            Plaintiff,

   v.                                                                          ORDER

Warden Kim Henderson, et al.,

            Defendants.

On March 19, 2025, Defendants filed a motion for judgment on the pleadings, alleging "Plaintiff's claims are time-barred and void as the estate for Jeffrey Apel, Jr. has not been established and the statute of limitations on these claims has run." (Doc. No. 11). Plaintiff's counsel subsequently filed a notice of the suggestion of death indicating that Plaintiff had died on April 17, 2025. (Doc. No. 13). Plaintiff's counsel also filed a "notice of voluntary dismissal of all claims without prejudice as provided by FRCP 41(a)(1)." (Doc. No. 14).

Rule 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Because Defendants filed an Answer, (Doc. No. 4), Plaintiff could dismiss this action only by a stipulation signed by all parties who have appeared. In turn, because Plaintiff's notice of dismissal is not signed by all parties, this action cannot be dismissed under Rule 41(a)(1). (Doc. No. 14). Instead, this "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(b).

Generally, "a dismissal under this paragraph (2) is without prejudice." *Id.*  Here, even in light of Defendants' pending motion for judgment on the pleadings, I conclude it appropriate to apply this general rule and grant Plaintiff's request to voluntarily dismiss this action.  Plaintiff passed away before the deadline for her to file an opposition brief to Defendants' motion for judgment on the pleadings.  If Defendants are correct on the assertions made in their motion, it is unlikely that a new plaintiff will bring these claims again.  But if a new plaintiff does reassert those claims, Defendants may refile its existing motion and, if appropriate, be granted an early dismissal on the grounds stated in that motion.  Therefore, because dismissing this action without prejudice would cause little to no prejudice to Defendants, I grant Plaintiff's request to dismiss this action without prejudice and deny as moot Defendants' motion for judgment on the pleadings.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge